UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ADRIAN COVINGTON, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:26-cv-00250-SDN |
| | ) | |
| MAINE STATE PRISON, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Petitioner, currently serving a state court sentence at the Maine State Prison, filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Petitioner asks the Court to order the state court to release approximately $18,000 that evidently had been posted as bail for Petitioner during the state court criminal proceedings that resulted in the sentence he is serving.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . .").

The governing statute provides in relevant part that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A request for the return of property is "not cognizable in a habeas proceeding." *Whiting v. United States*, 215 F.3d 1313, 1998 WL 1281294, at *2 (1st Cir. 1998); *see also, Burgess v. California*, No. 2:22-CV-0573-DAD-DMC-P, 2022 WL 4238265, at *1 (E.D. Cal. Sept. 14, 2022) ("[C]ourts in every circuit have held that property claims cannot be raised in habeas.") (collecting cases).  Because Petitioner's sole request for relief is the return of the property he posted for bail ($17,815), Petitioner has not alleged a claim for which habeas relief is available.

Even if the Court construes the petition as a civil complaint, *see United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995), dismissal would still be appropriate.  Petitioner seeks to challenge the decision of the state court.  "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court.  *Davison v. Government of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

In sum, for the reasons explained above, after a preliminary review in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial

showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2026.

3